UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TRELLIS L. PRESSLEY,

                                        Petitioner,              Case # 20-CV-6428-FPG

v.                                                               ORDER

JOHN G. RICH,

                                        Respondent.

Pursuant to 28 U.S.C. § 2254, *pro se* Petitioner Trellis L. Pressley brings this habeas petition to challenge his state-court convictions for first-degree rape and third-degree criminal sex act. ECF No. 1. On April 14, 2021, Respondent filed his opposition memorandum. ECF No. 21-2. On September 22, 2021, Petitioner submitted a letter in which he requests appointment of counsel. *See* ECF No. 22. For the reasons that follow, Petitioner's request is GRANTED.

"[T]here is no constitutional right to representation by counsel in habeas corpus proceedings." *Green v. Abrams*, 984 F.2d 41, 47 (2d Cir. 1993) (internal quotation marks omitted). But, pursuant to the Criminal Justice Act, "representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28" whenever "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). "In deciding whether to exercise its discretion to appoint counsel under the CJA for a habeas petitioner, courts in this circuit have looked to such factors as the petitioner's likelihood of success on the merits, the complexity of the legal issues raised by the petition, and the petitioner's ability to investigate and present the case." *Bennett v. Lape*, No. 05-CV-6191, 2006 WL 839417, at *1 (W.D.N.Y. Mar. 27, 2006); *see also Thomas v. Searls*, 515 F. Supp. 3d 34, 39 (W.D.N.Y. 2021).

In this case, the Court is satisfied that Petitioner is financially "unable to obtain counsel." *Thomas*, 515 F. Supp. 3d at 39. Petitioner has averred, under penalty of perjury, that he is not

employed, does not receive public benefits, does not receive income from any source, and does not have any savings.  *See* ECF No. 2 at 1-2.  Furthermore, the relevant factors weigh in favor of appointment of counsel.  Petitioner raises a number of complex legal issues that merit more thorough briefing than Petitioner may be able to provide as a *pro se* litigant.  For example, Petitioner claims that he was deprived of his right to counsel for much of his pretrial criminal proceedings.  *See* ECF No. 1 at 8-9.  That claim implicates several legal issues that would benefit from fuller legal analysis, including whether the pretrial proceedings at issue were "critical stages" for purposes of Petitioner's Sixth Amendment right to counsel, *see Hough v. United States*, 177 F. Supp. 3d 782, 787 (W.D.N.Y. 2016) ("[A] defendant's Sixth Amendment right to counsel attaches at all critical stages in the proceedings after the initiation of formal charges."), whether any such violation of that right is subject to harmless-error review, *compare United States v. Chronic*, 466 U.S. 648, 659 n.25 (1984) ("The Court has uniformly found constitutional error without any showing of prejudice when counsel was either totally absent, or prevented from assisting the accused during a critical stage of the proceeding."), *with Dallio v. Spitzer*, 343 F.3d 553, 569 & n.4 (2d Cir. 2003) (Katzmann, J., concurring) (discussing circumstances in which Sixth Amendment violation is subject to harmless-error review), and what remedies are available should Petitioner's claim be found to have merit.  *See, e.g.*, *Jones v. Cuomo*, 254 F. App'x 6, 7-8 (2d Cir. 2007) (summary order).  The Court does not intend to suggest that Petitioner will succeed on this or any other claim, but only wishes to emphasize the benefit counsel can provide given the nature of the legal issues.

Accordingly, Petitioner's request for the appointment of counsel is GRANTED pursuant to 18 U.S.C. § 3006A(a)(2)(B).  The Court hereby appoints Scott M. Green as CJA counsel for Petitioner.  With the assistance of counsel, Petitioner now has until January 31, 2022 to file a

supplemental memorandum in support of the petition.  Respondent has until to March 18, 2022 to file a supplemental opposition.  Petitioner has until April 1, 2022 to file a supplemental reply.  The Court will thereafter take the petition under advisement.

       IT IS SO ORDERED.

Dated:  October 21, 2021
         Rochester, New York

                         HON. FRANK P. GERACI, JR.
                         United States District Judge
                         Western District of New York